ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   GEORGE S. KHOURY (State Bar No. 269738)
2  THOMAS E. FRANKOVICH,
   *A PROFESSIONAL LAW CORPORATION*
3  4328 Redwood Hwy., Suite 300
   San Rafael, CA 94903
4  Telephone:    415/444-5800
   Facsimile:    415/444-5805
5
   Attorneys for Plaintiff
6  BYRON CHAPMAN

7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10  BYRON CHAPMAN                          )   CASE NO. SACV13-468- CJC
                                           )   (RNBx)
11                                         )   **Civil Rights**
          Plaintiff,                       )
12                                         )   **COMPLAINT FOR INJUNCTIVE RELIEF**
    v.                                     )   **AND DAMAGES:**
13                                         )
    ANAHEIM DESERT INN & SUITES, a         )   **1ˢᵗ CAUSE OF ACTION:** For Denial of
14  California Limited Partnership; SAI     )   Access by a Public Accommodation in
    MANAGEMENT Co, Inc., a California       )   Violation of the Americans with Disabilities Act
15  Corporation dba ANAHEIM DESERT INN     )   of 1990 (42 U.S.C. §12101, *et seq.*)
    & SUITES; and J. STREET                 )
16  HOSPITALITY, Inc., a California         )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
    Corporation dba ANAHEIM DESERT INN     )   and Equal Access in Violation of California
17  & SUITES,                               )   Civil Code §§54, 54.1 and 54.3
                                           )
18        Defendants.                      )   **3ʳᵈ CAUSE OF ACTION:** For Denial of
                                           )   Accessible Sanitary Facilities in Violation of
19  ─────────────────────────────────         California Health & Safety Code §19955, *et seq.*

20                                             **4ᵗʰ CAUSE OF ACTION:** For Denial of
                                               Access to Full and Equal Accommodations,
21                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
22                                             §51, *et seq.* (The Unruh Civil Rights Act)

23                                             **DEMAND FOR JURY**

24

25

26

27

28

**LODGED**
CLERK, U.S. DISTRICT COURT

MAR 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CLERK, U.S. DISTRICT COURT

MAR 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1        Plaintiff BYRON CHAPMAN, complains of defendants ANAHEIM DESERT INN &

2 SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc., a California

3 Corporation dba ANAHEIM DESERT INN & SUITES and alleges as follows:

4 **INTRODUCTION:**

5      1.      This is a civil rights action for discrimination against persons with physical

6 disabilities, of which class plaintiff BYRON CHAPMAN and the disability community are

7 members, for failure to remove architectural barriers structural in nature at defendants' DESERT

8 INNS and SUITES, a place of public accommodation, thereby discriminatorily denying plaintiff

9 and the class of other similarly situated persons with physical disabilities access to, the full and

10 equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

11 and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

12 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14      2.      Plaintiff BYRON CHAPMAN is a person with physical disabilities who, on or

15 about February 13, 2009, February 14, 2009, February 15, 2009, February 16, 2009, March 13,

16 2010, October 15, 2010, December 18, 2010, January 6, 2011, April 14, 2011, August 24, 2012,

17 October 11, 2012 and December 10, 2012, was an invitee, guest, patron, customer at defendants'

18 DESERT INNS and SUITES, in the City of Anaheim, California. At said times and place,

19 defendants failed to provide proper legal access to the DESERT INNS and SUITES, which is a

20 "public accommodation" and/or a "public facility" including, but not limited to parking lot, paths

21 of travel/accessible routes, entrance, service counter and guest rooms. The denial of access was

22 in violation of both federal and California legal requirements, and plaintiff BYRON CHAPMAN

23 suffered violation of his civil rights to full and equal access, and was embarrassed and

24 humiliated.

25 ///

26 ///

27 ///

28 ///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1600 South Harbor Boulevard, in the City of Anaheim, County of Orange, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.     Plaintiff BYRON CHAPMAN  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff BYRON CHAPMAN has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity).

///

///

///

///

1    Consequently, plaintiff BYRON CHAPMAN is a member of that portion of the public whose

2    rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access

3    to Public Accommodations by Physically Handicapped Persons") and the protections of the

4    Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54,

5    and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6        6.    **DEFINITIONS:**

7             a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines

8                  of 1990; and The Americans with Disabilities Act Accessibility Guidelines

9                  2010 revision. (Used where applicable).

10            b.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical

11                 features that limit or prevent people with disabilities from obtaining the

12                 goods or services that are offered.  They can include but are not limited to

13                 the following examples:  parking spaces that are too narrow to

14                 accommodate people who use wheelchairs; a step or steps at the entrance

15                 or to part of the selling space of a store; round doorknobs or door hardware

16                 that is difficult to grasp; aisles that are too narrow for a person using a

17                 wheelchair; electric scooter, or a walker; a high counter or narrow

18                 checkout aisles at a cash register, and fixed tables in eating areas that are

19                 too low to accommodate a person using a wheelchair or that have fixed

20                 seats that prevent a person using a wheelchair from pulling under the table.

21                 Excerpted from the *"ADA Guide for Small Businesses"* with an

22                 interlineation modification. http://www.ada.gov/smbustxt.htm.

23                 (The descriptive use of the word "barriers" as used herein is synonymous

24                 with architectural barriers).

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

c. **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d. **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e. **PHYSICAL FEATURES -** Are synonymous with "Elements."

f. **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g. **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

h. **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i. **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1          j.    **ACCESSIBLE SPACE/PATH OF TRAVEL -** Space that complies with

2                  ADAAG guidelines and is synonymous with accessible route.

3          k.    **NON COMPLYING -** Not complying with ADAAG and/or the "Readily

4                  Achievable Standard" of CFR 34.306.

5      7.    Defendant ANAHEIM DESERT INN & SUITES is the owner of the real property

6  (land and building) located at or near 1600 South Harbor Boulevard, Anaheim, California.

7      8.    Defendants ANAHEIM DESERT INN & SUITES; SAI MANAGEMENT Co,

8  Inc.; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT

9  INN & SUITES (hereinafter alternatively collectively referred to as "defendants") are the owners

10  and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

11  accommodation known as DESERT INN and SUITES, located at/near 1600 South Harbor

12  Boulevard, Anaheim, California, or of the building and/or buildings which constitute said public

13  accommodation.

14      9.    At all times relevant to this complaint, defendants ANAHEIM DESERT INN &

15  SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc., own and

16  operate in joint venture the subject DESERT INN and SUITES as a public accommodation. This

17  business is open to the general public and conducts business therein. The business is a "public

18  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

19  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

20  *seq.*

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendants ANAHEIM DESERT INN &

SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc. are jointly and

severally responsible to identify and remove architectural barriers at the DESERT INN and

SUITES pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

pertinent part:

### § 36.201        General

> (b) *Landlord and tenant responsibilities.* Both the landlord
> who owns the building that houses a place of public
> accommodation and the tenant who owns or operates the place of
> public accommodation are public accommodations subject to the
> requirements of this part. As between the parties, allocation of
> responsibility for complying with the obligations of this part may
> be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

11.     The DESERT INN and SUITES, is a hotel, located at/near 1600 South Harbor

Boulevard, Anaheim, California 92802. The DESERT INN and SUITES, its parking lot, paths

of travel/accessible routes, entrance, service counter and guest rooms, and its other facilities are

each a "place of public accommodation or facility" subject to the barrier removal requirements of

the Americans with Disabilities Act. On information and belief, each such facility has, since July

1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the

ANAHEIM DESERT INN AND SUITES and each of its facilities, its parking lot, paths of

travel/accessible routes, entrance, service counter and guest rooms to disability access

requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

the California Building Code.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        12.     On or about May in the year of 1997, defendants' and each of them purchased

2  and/or took possessory control of the premises now known as DESERT INN and SUITE.  At all

3  times prior thereto, defendants' and each of them were aware of their obligation prior to the close

4  of escrow, or upon taking possessory interest that public accommodations had a duty to identify

5  and remove architectural barriers and were aware that DESERT INN and SUITES was not

6  accessible to the disabled.  Nevertheless, defendants' and each of them, operated DESERT INN

7  and SUITES as though it was accessible.

8        13.    At all times stated herein, defendants' and each of them with the knowledge that

9  each of them had a continuing obligation to identify and remove architectural barriers where it

10  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

11  compliant access to the subject accommodation.

12        14.    At all times referred to herein and continuing to the present time, defendants, and

13  each of them, advertised, publicized and held out the DESERT INN and SUITES as being

14  handicapped accessible and handicapped usable.

15        15.    On or about February 13, 2009, February 14, 2009, February 15, 2009, February

16  16, 2009, March 13, 2010, October 15, 2010, December 18, 2010, January 6, 2011, April 14,

17  2011, August 24, 2012, October 11, 2012 and December 10, 2012, plaintiff BYRON

18  CHAPMAN was an invitee and guest at the subject DESERT INN and SUITES, with his

19  daughter, Kelli Morel, or by himself, for purposes of overnight lodging.

20        16.    On February 13, 2009 and continuing through February 16, 2009, plaintiff

21  BYRON CHAPMAN encountered the following architectural barriers in the parking lot to the

22  DESERT INN and SUITES and as a legal result had the following adverse experiences: no van

23  accessible parking; access aisles not properly designated as "no parking" areas; incomplete tow

24  away signage; no penalty signage indicating fine for illegal parking in handicap stall; and no

25  designated accessible route from parking to entrance.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As a legal result, plaintiff BYRON CHAPMAN had the following adverse experiences:

2  difficulty, annoyance, frustration, disappointment, anxiety and worry as each time plaintiff

3  needed to park, he needed to double park in order to be able to use his wheelchair lift; Each time

4  plaintiff parked, he became anxious and worried that he would not be able to return to his vehicle

5  due to being blocked by another vehicle; Plaintiff was further caused difficulty, anxiety and

6  worry as there is no designated accessible route from the parking lot to the entrance thereby

7  requiring plaintiff to be in the vehicular path of travel when traveling from the parking lot to the

8  entrance.

9       17.    At said times and place, plaintiff BYRON CHAPMAN encountered the following

10  architectural barriers at the entrance to the DESERT INN and SUITES and as a legal result had

11  the following adverse experiences: excessive slope at entrance. As a legal result, plaintiff

12  BYRON CHAPMAN had the following adverse experiences: difficulty, discomfort, fatigue,

13  annoyance, frustration and stress and strain to his left shoulder and lower back as plaintiff

14  struggled to open the door from an inclined position.

15       18.    At said times and place, plaintiff BYRON CHAPMAN encountered the following

16  architectural barriers at the service counter to the DESERT INN and SUITES and as a legal

17  result had the following adverse experiences: handicap accessible service counter obstructed

18  from use by scooter rentals. As a legal result, plaintiff BYRON CHAPMAN had the following

19  adverse experiences: difficulty, annoyance, frustration, and disappointment as plaintiff could not

20  use the accessible service counter because it was blocked; difficulty, discomfort, stress and strain

21  as plaintiff BYRON CHAPMAN had to reach up to the high counter to register, check in and

22  sign for his hotel room.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.     At said times and place, plaintiff BYRON CHAPMAN encountered the following architectural barriers in the guest room of the DESERT INN and SUITES and as a legal result had the following adverse experiences: peephole too high; safety latch on door too high; table in room inaccessible to wheelchair; restroom door lacks levered hardware; water closet grab bars too short; water closet flush control on wrong side; improper bathtub grab bar configuration; bathtub lacks stationary seat; and towel rack too high. As a legal result, plaintiff BYRON CHAPMAN had the following adverse experiences: difficulty, worry, disappointment, frustration, worry and anxiety because the safety latch and peephole were too high for plaintiff to use; difficulty, frustration, disappointment and annoyance because plaintiff could not fully access the in room table; difficulty, annoyance, frustration, worry, anxiety and fear of bodily injury due to the water closet grab bars being too short; difficulty, annoyance, frustration, disappointment, anger, due to the improper grab bar configuration and lack of stationary seat in the bathtub which prevented plaintiff from full use of the bathtub; difficulty, annoyance, frustration and disappointment due to the other non-compliant elements of the restroom within the guest room.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.     On February 20, 2009, plaintiff BYRON CHAPMAN sent the following letter to the property owner and managers of the Anaheim Desert Inn & Suites:

> "I am a wheelchair user. I was at your hotel Desert Inn and Suites, 1600 S. Harbor Blvd., Anaheim, CA during the weekend of February 13, 2009, Rm.#131 (under Amanda Fullers name). During my stay, I noticed several possible disability code violations at that time. The code violations (barriers) are in the exterior (parking lot(s)) path of travel from sidewalk to office, office to disability room. Also violations in interior of office, and my disability room (131). Per the CBC (Calif. Building Codes) effective 1978 to present and the Federal ADA (Americans with Disabilities Act) signed into law 1990 require that the most stringent code be used as to which code is more stringent. Please send me a written response within (30) thirty days from the date of this letter detailing your action plan and what corrections have been identified by you (or someone who is very knowledgeable with both California and Federal disability codes) to ensure you will be in full compliance with those codes. Also please have the corrections completed within (4) months from the date of this letter. I suggest the person who conducts your survey use the ADAAG (Fed), Americans with Disabilities Accessibility Guide and get a permit from your local city building department to help ensure the work is performed properly. Also send the letter via FedEx or a similar company to help ensure I get your response letter. Listed below, for your convenience and to help you out.
> –       Americans with Disability Act (ADA) info. ph.#1-800-514-0301.
> –       Ask for the ADAAG book when you call the 800 ADA ph. #
> –       For Calif. Codes, contact your cities local buildings department and ask to speak to their ADA Coordinator, if one is available.
> I look forward to staying at your hotel in the future when it is fully accessible for the disabled. Thank you in advance for your time and future action."

Plaintiff did not receive a response to this letter.

///
///
///
///
///
///
///

21.     On or about March 13, 2010, plaintiff BYRON CHAPMAN stopped at the DESERT INN and SUITES to get a room for the night. While there, plaintiff noticed that no changes had been made to the parking lot, entrance and service counter. Plaintiff encountered the same architectural barriers in the parking lot, entrance and service counter of the DESERT INN and SUITES as on February 13, 2009, and as a legal result had same adverse experiences as on February 13, 2009. Plaintiff was told that no accessible rooms were available.

22.     On October 15, 2010, plaintiff BYRON CHAPMAN called the DESERT INN and SUITES to reserve an accessible room, but he was told no accessible rooms were available for the dates requested.

23.     On December 18, 2010, plaintiff BYRON CHAPMAN called the DESERT INN and SUITES to reserve an accessible room, but was told no accessible rooms were available for the dates requested.

24.     On January 6, 2011, plaintiff BYRON CHAPMAN called the DESERT INN and SUITES to reserve an accessible room, but was told no accessible rooms were available for the dates requested.

25.     On or about January 6, 2011, plaintiff BYRON CHAPMAN stopped at the DESERT INN and SUITES to get a room for the night. While there, plaintiff noticed that no changes had been made to the parking lot, entrance and service counter. Plaintiff encountered the same architectural barriers in the parking lot, entrance and service counter of the DESERT INN and SUITES as on February 13, 2009, and as a legal result had same adverse experiences as on February 13, 2009. Plaintiff was told that no accessible rooms were available.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

26.     On or about April 14, 2011, plaintiff BYRON CHAPMAN stopped at the DESERT INN and SUITES to get a room for the night. While there, plaintiff noticed that no changes had been made to the parking lot, entrance and service counter. Plaintiff encountered the same architectural barriers in the parking lot, entrance and service counter of the ANAHEIM DESERT INN & SUITES as on February 13, 2009, and as a legal result had same adverse experiences as on February 13, 2009. Plaintiff was told that no accessible rooms were available.

27.     On August 14, 2012, plaintiff BYRON CHAPMAN sent the following letter to the property owner and managers of the Anaheim Desert Inn & Suites:

> "I am disabled and a wheelchair user. Approximately a month or so I stopped by your hotel at 1600 S. Harbor Blvd., Anaheim, CA 92802 to get a room. Unfortunately, upon my arrival and when I entered your lobby, I noticed several barriers (code violations pertaining to the disabled) on the exterior and interior of your lobby area. When I realized that there had not been any code violations in your parking area, to the lobby and in the lobby I did not seek a room. I sent your business a letter dated back to early 2009, bringing these issues to your attention and requesting that they be taken care of. As of late, this has not happened. Please send me a written response stating you will have your business (address stated above) in full compliance per California Building Codes (CBC) and (ADA) Americans with Disabilities Act, which was signed into federal law in 1990 within four weeks of the date of this letter. As in the last letter, listed below is a few resources for your assistance and convenience:
>
> —     Americans with Disability Act (ADA) info. ph.#1-800-514-0301 and ask for the ADAAG publication (Americans with Disabilities Act Access Guide)
>
> —     For California Building Codes (CBC) contact your cities building department and ask for the ADA Coordinator, if one is available.
>
> To help ensure I receive your letter of assurance that your business will be in compliance with accessibility for the disabled, please mail your written response using FedEx or a company with similar mailing procedures for tracking. Thank you in advance for your expedited action and compliance with all accessability code violations pertaining to the disabled."

///

///

///

28.     On August 24, 2012, plaintiff received a response to this letter from the attorney for the ANAHEIM DESERT INN & SUITES and J. STREET HOSPITALITY, INC., which stated the following:

> "My name is Joseph Haney and I represent Anaheim Desert Inn & Suites LP and J Street Hospitality, Inc., respectively, the owner and operator of the above-referenced hotel located at 1600 South Harbor Boulevard in Anaheim, California. I am writing to thank you for your correspondence dated August 14, 2012. Although my clients have no recollection or record of any prior correspondence from you on this matter they are taking corrective action in response to your correspondence."

29.     On August 24, 2012, plaintiff BYRON CHAPMAN called the DESERT INN and SUITES to reserve an accessible room, but was told no accessible rooms were available for the dates requested.

30.     On or about October 11, 2012, plaintiff BYRON CHAPMAN stopped at the DESERT INN and SUITES to get a room for the night. While there, plaintiff noticed that no changes had been made to the parking lot, entrance and service counter. Plaintiff encountered the same architectural barriers in the parking lot, entrance and service counter of the DESERT INN and SUITES as on February 13, 2009, and as a legal result had same adverse experiences as on February 13, 2009. Plaintiff was told that no accessible rooms were available.

31.     On or about December 10, 2012, plaintiff BYRON CHAPMAN stopped at the DESERT INN and SUITES to get a room for the night. While there, plaintiff noticed that no changes had been made to the parking lot, entrance and service counter. Plaintiff encountered the same architectural barriers in the parking lot, entrance and service counter of the ANAHEIM DESERT INN & SUITES as on February 13, 2009, and as a legal result had same adverse experiences as on February 13, 2009.  Plaintiff was told that no accessible rooms were available.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

32.    Therefore, at said times and place, plaintiff BYRON CHAPMAN, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

     a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

     b.    lack of the requisite type of disabled parking stall(s);

     c.    lack of disabled van accessible parking stall(s);

     d.    lack of (proper) disabled parking signage;

     e.    lack of (proper) tow-a-way signage;

     f.    lack of an accessible entrance;

     g.    lack of handicapped accessible registration counter;

     h.    lack of handicapped accessible guest room with two beds and bathroom within;

     i.    lack of the requisite number of accessible guest rooms by classification;

     j.    lack of an accessible swimming pool;

     k.    lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

     l.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

     m.    Lack of a reservation policy, practice and procedure to "hold" disabled guest rooms for persons with disabilities before selling said rooms to the general public;

     n.    Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest rooms will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities.

1      33.     Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at

2 times and place herein in addition to categorical architectural barriers stated herein and the

3 respective difficulties experienced by plaintiff as stated herein, the barriers include but are not

4 limited to:

5               **PARKING**

6                    •     no van accessible parking stall(s) and access aisle(s);

7                    •     no tow-a-way signage with phone number;

8                    •     lack of accessible route/path of travel from parking lot to lobby;

9               **ENTRANCE**

10              •     no level landing at entrance(s);

11              •     inaccessible entrance;

12               •     lack of level landing due to a slope at the entrance;

13            **HOTELS/MOTELS**

14              •     noncomplying registration counter;

15              •     inaccessible guest room(s);

16              •     noncomplying shower and elements within;

17              •     noncomplying restroom stall(s);

18              •     hardware that requires gripping, turning, twisting, and pinching;

19              •     noncomplying peephole in guestroom(s);

20              •     noncomplying signage for the disabled at registration counter; and

21              •     safety latch on the door is too high from the floor.

22 Therefore, as a legal result of encountering each of said elements, plaintiff(s) experienced one, all,

23 or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his upper

24 extremities and lower back in attempting to and/or using said elements also causing anxiety,

25 disappointment, and embarrassment.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34. At all times as stated herein, plaintiff BYRON CHAPMAN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

35. At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff BYRON CHAPMAN from full and equal opportunities afforded to non disabled persons to the goods and services of DESERT INN and SUITE.

36. Plaintiff BYRON CHAPMAN was and is deterred from returning to DESERT INN and SUITES so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

37. At said times and place, when plaintiff BYRON CHAPMAN encountered the architectural barriers as stated herein, plaintiff BYRON CHAPMAN in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiff's physical inability to effectively use his upper extremities to easily overcome the architectural barriers as stated herein. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

38. Said architectural barrier(s) as stated herein deprived and deterred plaintiff BYRON CHAPMAN the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject DESERT INN and SUITES.

///
///
///
///

1    39.    At all times stated herein, the existence of architectural barriers at

2    defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to

3    comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

4    40.    On or about February 20, 2009 and August 14, 2012, defendant(s) were sent four

5    (4) letters by or on behalf of plaintiff BYRON CHAPMAN advising of their need to take

6    immediate action to remove architectural barriers and requesting a written response upon receipt

7    of his letter, promising to immediately remove the barriers and providing a date when that would

8    be accomplished.  On August 24, 2012, plaintiff BYRON CHAPMAN received a letter from

9    attorney, Joseph W. Haney III.  Said letters are attached hereto collectively as exhibit "A" and

10   incorporated by reference as though fully set forth herein.

11   41.    At all times stated herein, defendants, and each of them, did not act as reasonable

12   and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

13   removing architectural barriers that would foreseeably prevent plaintiff BYRON CHAPMAN

14   from receiving the same goods and services as able bodied people and some of which may and did

15   pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result

16   of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

17   bodily injury in the general form of stress, strain, pain, and fatigue either individually or in

18   combination of one or more.

19   42.    As a legal result of defendants ANAHEIM DESERT INN & SUITE; SAI

20   MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc's failure to act as a reasonable

21   and prudent public accommodation in identifying, removing or creating architectural barriers,

22   policies, practices and procedures that denied access to plaintiff  and other persons with

23   disabilities, plaintiff suffered the damages as alleged herein.

24   ///

25   ///

26   ///

27   ///

28   ///

43.     As a legal result of defendants' actions or omissions as stated herein and defendants' denial of access to plaintiff to all or part of the facilities constituting the public accommodations which comprise the DESERT INN and SUITES, plaintiff was wrongfully evicted and/or rejected by defendants, and each of them.

44.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*. And, plaintiff BYRON CHAPMAN suffered bodily injury on or about February 13, 2009, February 14, 2009, February 15, 2009, February 16, 2009, March 13, 2010, October 15, 2010, December 18, 2010, January 6, 2011, April 14, 2011,August 24, 2012, October 11, 2012 and December 10, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing DESERT INN and SUITES, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities and lower back while attempting to open the entrance, use the service counter, access the elements of the guest room(s) including the physical features of the restroom.

45.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

46.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff BYRON CHAPMAN's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff BYRON CHAPMAN harm as stated herein.

47.    Plaintiff BYRON CHAPMAN was denied his rights to equal access to a public facility by defendants ANAHEIM DESERT INN & SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc, because defendants ANAHEIM DESERT INN & SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc. maintained a hotel without access for persons with physical disabilities to its facilities, including but not limited to the parking lot, paths of travel/accessible routes, entrance, service counter and guest rooms, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

48.    Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

49.    Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

50.    Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiff seeks an order from this court compelling defendants to make the DESERT INN and SUITES accessible to persons with disabilities.

52.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the DESERT INN and SUITES to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the DESERT INN and SUITES as a public facility.

53.     Plaintiff believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

54.     Plaintiff BYRON CHAPMAN seeks damages for violation of his civil rights on April 14, 2011, August 24, 2012, October 11, 2012 and December 10, 2012 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff BYRON CHAPMAN from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///

///

///

///

1 │ The acts and omission of defendants, and each of them, in failing to provide the required
2 │ accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3 │ malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4 │ a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5 │ persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6 │ make a more profound example of defendants, and each of them, to other operators and landlords
7 │ of other hotels and motels and other public facilities, and to punish defendants and to carry out the
8 │ purposes of the Civil Code §§ 51, 51.5 and 54.

9 │      55.    Plaintiff is informed and believes and therefore alleges that defendants ANAHEIM
10 │ DESERT INN & SUITES; SAI MANAGEMENT Co, Inc.; and J. STREET HOSPITALITY, Inc.,
11 │ and each of them, caused the subject building(s) which constitute the DESERT INN and SUITES
12 │ to be constructed, altered and maintained in such a manner that persons with physical disabilities
13 │ were denied full and equal access to, within and throughout said building(s) of the DESERT INN
14 │ and SUITES and were denied full and equal use of said public facilities. Furthermore, on
15 │ information and belief, defendants have continued to maintain and operate said hotel and/or its
16 │ building(s) in such conditions up to the present time, despite actual and constructive notice to
17 │ such defendants that the configuration of DESERT INN and SUITES and/or its building(s) is in
18 │ violation of the civil rights of persons with physical disabilities, such as plaintiff BYRON
19 │ CHAPMAN, and other members of the disability community. Such construction, modification,
20 │ ownership, operation, maintenance and practices of such public facilities are in violation of Civil
21 │ Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*
22 │ ///
23 │ ///
24 │ ///
25 │ ///
26 │ ///
27 │ ///
28 │ ///

1       56.    Defendants' actual and constructive notice that the physical configuration of the

2 facilities including, but not limited to, architectural barriers constituting the DESERT INN and

3 SUITES  and/or building(s) was in violation of the civil rights of persons with physical

4 disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public

5 accommodations with accessible elements and facilities since January 26, 1991, communications

6 with invitees and guests, plaintiff BYRON CHAPMAN himself, possibly sponsors of conferences

7 owners of other restaurants, hotels, motels and businesses, notices they obtained from

8 governmental agencies upon modification, improvement, or substantial repair of the subject

9 premises and other properties owned by these defendants, newspaper articles and trade

10 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

11 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

12 other similar information.  Defendants' failure, under state and federal law, to make the  DESERT

13 INN and SUITES accessible is further evidence of defendants' conscious disregard for the rights

14 of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such

15 effect on plaintiff and other persons with physical disabilities due to the lack of accessible

16 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

17 rectify the situation and to provide full and equal access for plaintiff and other persons with

18 physical disabilities to the DESERT INN and SUITES.  Said defendants, and each of them, have

19 continued such practices, in conscious disregard for the rights of plaintiff and other persons with

20 physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants

21 had further actual knowledge of the architectural barriers referred to herein by virtue of the

22 demand letter addressed to the defendants and served concurrently with the summons and

23 complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other

24 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

25 rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of

26 treble damages per Civil Code §§52 and 54.3.

27 ///

28 ///

1    57.    Plaintiff BYRON CHAPMAN and the disability community, consisting of persons

2  with disabilities, would, could and will return to the subject public accommodation when it is

3  made accessible to persons with disabilities.

4  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
       **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
5      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM
6      DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co.,
       Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET
7      HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES,
       inclusive)
8      (42 U.S.C. §12101, *et seq.*)

9    58.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

10  the allegations contained in paragraphs 1 through 57 of this complaint.

11    59.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

12  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

13  protect:

14          some 43 million Americans with one or more physical or mental
            disabilities; [that] historically society has tended to isolate and
15          segregate individuals with disabilities; [that] such forms of
            discrimination against individuals with disabilities continue to be a
16          serious and pervasive social problem; [that] the nation's proper
            goals regarding individuals with disabilities are to assure equality of
17          opportunity, full participation, independent living and economic
            self-sufficiency for such individuals; [and that] the continuing
18          existence of unfair and unnecessary discrimination and prejudice
            denies people with disabilities the opportunity to compete on an
19          equal basis and to pursue those opportunities for which our free
            society is justifiably famous.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

61.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. §12181(7)(A)

62.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

63.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

      (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

      (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

      (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

      (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

      (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

///

64.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of DESERT INN and SUITES pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

65.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

66.     On information and belief, construction work on, and modifications of, the subject building(s) of DESERT INN and SUITES occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

67.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

68.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."

Pursuant to this section, plaintiff BYRON CHAPMAN has not returned to defendants' premises since on or about December 10, 2012, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

69.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co., Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

70.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

72.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

73.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

74.     Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' DESERT INN and SUITES.

///
///
///
///
///
///

As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the DESERT INN and SUITES because of his knowledge and belief that the subject hotel is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

> Civil Code §54.3(a)

75.     On or about April 14, 2011, August 24, 2012, October 11, 2012 and December 10, 2012, plaintiff BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff BYRON CHAPMAN was denied access to parking lot, paths of travel/accessible routes, entrance, service counter and guest rooms and other public facilities as stated herein at the DESERT INN and SUITES and on the basis that plaintiff BYRON CHAPMAN was a person with physical disabilities.

76.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

And, plaintiff BYRON CHAPMAN suffered bodily injury on or about February 13, 2009, February 14, 2009, February 15, 2009, February 16, 2009, March 13, 2010, October 15, 2010, December 18, 2010, January 6, 2011, April 14, 2011,August 24, 2012, October 11, 2012 and December 10, 2012,  including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing DESERT INN and SUITES, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities and lower back while attempting to open the entrance, use the service counter, access the elements of the guest room(s) including the physical features of the restroom.

77.    Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

78.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about April 14, 2011, August 24, 2012, October 11, 2012 and December 10, 2012, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

79.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co., Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(Health & Safety Code §19955, *et seq.*)

80.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 79 of this complaint.

81.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

///
///
///
///
///

82.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the DESERT INN and SUITES and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the DESERT INN and SUITES and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said hotel and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

83.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of DESERT INN and SUITES and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

84.     Hotels and motels such as the DESERT INN and SUITES are "public - accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

///

///

///

///

85.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

86.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

87.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

///
///
///
///
///
///
///
///
///

## IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(Civil Code §51, 51.5)

88.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 87 of this complaint.

89.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///
///

1   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5   defendants, and each of them.

6           90.     The acts and omissions of defendants stated herein are discriminatory in nature and

7   in violation of Civil Code §51.5:

8  
9                 No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
10   the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11   suppliers, or customers.

12                 As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
13   limited liability company, or company.

14                 Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
15   modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
16   provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
17   in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
18   alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

19  

20           91.     Defendants' acts and omissions as specified have denied to the plaintiff full and

21   equal accommodations, advantages, facilities, privileges and services in a business establishment,

22   on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23   Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24   violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25   Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates

26   the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27   ¶58, *et seq.*, as if repled herein.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

92.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff BYRON CHAPMAN suffered bodily injury on or about February 13, 2009, February 14, 2009, February 15, 2009, February 16, 2009, March 13, 2010, October 15, 2010, December 18, 2010, January 6, 2011, April 14, 2011,August 24, 2012, October 11, 2012 and December 10, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing DESERT INN and SUITES, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities and lower back while attempting to open the entrance, use the service counter, access the elements of the guest room(s) including the physical features of the restroom.

93.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///
///
///
///
///

94.      Plaintiff BYRON CHAPMAN is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive, to make the DESERT INN and SUITES, located at 1600 South Harbor Boulevard, Anaheim, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive, to make the DESERT INN and SUITES, located at 1600 South Harbor Boulevard, Anaheim, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive, to make the DESERT INN and SUITES, located at 1600 South Harbor Boulevard, Anaheim, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants ANAHEIM DESERT INN & SUITES, a California Limited Partnership; SAI MANAGEMENT Co, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES; and J. STREET HOSPITALITY, Inc., a California Corporation dba ANAHEIM DESERT INN & SUITES, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.   For all costs of suit;

6.   Prejudgment interest pursuant to Civil Code §3291; and

7.   Such other and further relief as the court may deem just and proper.

Dated: _____3/11/13___, 2013      THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*


                                  By: _____
                                          Thomas E. Frankovich
                                  Attorneys for Plaintiff BYRON CHAPMAN


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: _____3/11/13___, 2013      THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*


                                  By: _____
                                          Thomas E. Frankovich
                                  Attorneys for Plaintiff BYRON CHAPMAN

EXHIBIT  A

1 of 2

Desert Inn & Suites
1600 S. Harbor Blvd.
Anaheim, CA 92802

February 20, 2009

Subject: Disability accessibility

Dear Owner(s)/ Property Owner(s),

I am a wheelchair user.

I was at your Hotel (Desert Inn & Suites, 1600 S.
Harbor Blvd., Anaheim, CA) during the weekend of
February 13, 2009, RM #131 (under Amanda Fuller's name).
During my stay I noticed several possible disability
code violations at that time. The code violations
(barriers) are in the exterior (Parking lot(s))
path of travel from sidewalk to office, office to
disability room. Also violations in interior of office,
and my disability room (131). Per the CBC
(Calif. Building Codes) effective 1978 to present and the Federal
ADA (Americans with Disabilities Act) signed into law
in 1990 require that the most stringent code be used
as to which code is more stringent.
Please send me a written response within
(30) thirty days from the date of this letter

Desert Inn & Suites cont;                    P. 2 of 2

detailing your action-plan and what corrections have
been identified by you (or someone who is very
knowledgeable with both California and Federal Dis. Codes)
to ensure you will be in full compliance with those
codes. Also please have the corrections completed
within (4) months from the date of this letter.
I suggest the person who conducts your survey
use the ADAAG (Fed), "Americans with Disabilities
Accessibility Guide) and get a permit from your local
City building dept. to help ensure the work is performed
properly. Also send the letter via FedEx or a similar company to help
this is ensure & get your response letter.
Listed below, for your convenience and to help get you
started I have listed several ways to help you out.
- "American's with Disability Act (ADA) Info. Ph.# 1-800-514-0301.
- Ask for the ADAAG book when you call the 800 ADA Ph.#.
- For Calif. codes, contact your cities local building
department and ask to speak to their ADA coordinator
if one is available.
I look forward to staying at your Hotel in the future
when it is fully accessible for the Disabled.
Thank you in advance for your time and future action.

Sincerely,
Byron Chapman

BYRON CHAPMAN
1010 MONIQUE WAY
DIXON, CA 95620

P. 1 of 2

Desert Inn + Suites
1600 S. Harbor Blvd.
Anaheim, CA. 92802

August 14, 2012

Subject: Accessibility for the Disabled

Dear Owner's / Property Owner's,

I am Disabled and a Wheelchair user.

Approximately a month or so I stopped by your Hotel at 1600 S. Harbor Blvd, Anaheim, CA 92802 to get a room. Unfortunately upon my arrival and when I entered your lobby I noticed several barriers (Code violations pertaining to the Disabled) on the exterior and interior of your lobby area. When I realized that there had not been any code violations in your parking area, to the lobby and in the lobby I did not seek a room.

I sent your business a letter dating back to Early 2009, bring these issues to your attention and requesting they be taken care of. As of late this has not happened.

Please send me a written response stating you will have your business (address stated above)

Desert Inn & Suites        8-14-12        P. 2 of 2
1600 S. Harbor Blvd. - Cont;

in full compliance per Calif. Building Codes (CBC) and
(ADA) Americans with Disabilities Act, which was signed
into Federal law in 1990 within four weeks from
the date of this letter.
As in the last letter, listed below is a few resources
for your assistance and convenience to help get you
started.

- ADA (Americans with Disabilities Act) Ph: Info #1-800-514-0301 and
ask for the ADAAG Publication (Americans with Disabilities Act
access Guide).
- For Calif. Building Codes (CBC) contact your cities building
department and ask for the ADA Coordinator, if one is available.
To help ensure I receive your letter of assurance that
your business will be in full compliance with accessibility
for the Disabled, please mail your written response using
Fed/Ex or a company with similiar mailing procedures
for tracking.
Thank you in advance for your expedited action and
compliance with all accessibility Code violations pertinent
to the Disabled.
Sincerely,
Byron Chapman

                            BYRON  CHAPMAN
                            2220 MT. Errical LN.
                            Lincoln, CA 95648

# LAW OFFICE OF
## JOSEPH W. HANEY III

Telephone: (949) 229-3421
Facsimile:  (949) 242-2634

1231 EAST DYER ROAD, SUITE 235
SANTA ANA, CALIFORNIA 92705

www.haney-law.com
jhaney@haney-law.com

**VIA FEDERAL EXPRESS**

Mr. Byron Chapman
2220 Mount Errigal Lane
Lincoln, CA 95648

       Re:   <u>Anaheim Desert Inn & Suites</u>

Dear Mr. Chapman:

     My name is Joseph Haney and I represent Anaheim Desert Inn & Suites LP and J Street Hospitality, Inc., respectively, the owner and operator of the above-referenced hotel located at 1600 South Harbor Boulevard in Anaheim, California.

     I am writing to thank you for your correspondence dated <u>August 14, 2012.</u>  Although my clients have no recollection or record of any prior correspondence from you on this matter they are taking corrective action in response to your correspondence.

               Sincerely,

               Joseph W. Haney III

JWH:jwh