1 | THOMAS E. FRANKOVICH (State Bar No. 074414)
2 | GEORGE S. KHOURY (State Bar No. 269738)
   | THOMAS E. FRANKOVICH,
3 | *A Professional Law Corporation*
   | 4328 Redwood Hwy., Suite 300
4 | San Rafael, CA 94903
   | Telephone:    415/674-8600
5 | Facsimile:    415/674-9900
6 | Attorneys for Plaintiff BYRON CHAPMAN
7 |



FILED
CLERK, U.S. DISTRICT COURT

MAR 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY          WLP4P          DEPUTY

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11 | BYRON CHAPMAN
12 | Plaintiff,
13 | v.
14 | ANAHEIM DESERT INN & SUITES, a
   | California Limited Partnership; SAI
15 | MANAGEMENT Co., Inc., a California
   | Corporation dba ANAHEIM DESERT INN
16 | & SUITES; and J. STREET
   | HOSPITALITY, Inc., a California
17 | Corporation dba ANAHEIM DESERT INN
   | & SUITES,
18 |
   | Defendants.
19 |

CASE NO. SACV13-468-CJC (RNBx)

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT OF PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW LITIGATION**

20

Plaintiff submits this Memorandum of Points and Authorities in Support of this Petition for Leave to File New Litigation.

## ARGUMENT

**I.   PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW LITIGATION MUST BE GRANTED BY THE COURT IF PLAINTIFF'S COMPLAINT HAS MERIT AND IS NOT FILED FOR PURPOSES OF HARASSMENT OR DELAY**

Vexatious litigant statutes were created to "curb misuse of the court system" by persons who repeatedly relitigate the same issues. *In re Bittaker*, 55 Cal.App.4th 1004, 1008; 64 Cal.Rptr.2d 679 (1997). The statutes address those who are "persistent and obsessive" in

1  bringing meritless or groundless actions. *First Western Development Corp. V. Superior Court*,

2  212 Cal.App.3d 860, 867-868; 261 Cal. Rptr. 116 (1989).

3        The California Legislature enacted Code of Civil Procedure § 391.7 in 1990.  It operates

4  "beyond the pending case" to authorize the court to issue a prefiling order that prevents a

5  vexatious litigant from filing any new litigation without first seeking and obtaining permission

6  from the presiding judge. *Bravo v. Ismaj,* 99 Cal.App.4th 211, 221; 120 Cal.Rptr.2d 879 (2002).

7  The text of this section reads, in pertinent part:

8
9
10
11
> The court may, on its own motion or the motion of any
> party, enter a prefiling order which prohibits a vexatious litigant
> from filing any new litigation in the courts of this state in propria
> persona without first obtaining leave of the presiding judge of the
> court where the litigation is proposed to be filed.  Code Civ. Pro. §
> 391.7 (a).

12        Where such a prefiling order has been imposed on a party, upon application seeking

13  initiation of new litigation "[t]he presiding judge shall permit the filing of that litigation only if it

14  appears that the litigation has merit and has not been filed for the purposes of harassment or

15  delay." Code Civ. Pro. § 391.7 (b).  Thus, the inquiry necessarily undertaken by this Court in

16  deciding whether plaintiffs' complaint should be accepted for filing by the Clerk is whether the

17  litigation has merit and, if so, whether it is being filed for purposes of harassment or delay.

18        As evidenced in the declaration filed herewith, plaintiff BYRON CHAPMAN has visited

19  the ANAHEIM DESERT INN & SUITES on several occasions.  On each of these occasions,

20  plaintiff encountered architectural barriers to access which prevented his full use and enjoyment

21  of the ANAHEIM DESERT INN & SUITES's services and facilities.

22        On February 20, 2009, plaintiff wrote letters to both the owner(s) and property owner(s)

23  of ANAHEIM DESERT INN & SUITESabout the access problems he experienced and asking

24  that remediations be undertaken.  On August 14, 2012, plaintiff BYRON CHAPMAN wrote a

25  follow-up letter. On August 24, 2012, plaintiff received a response to his letter of August 14,

26  2012, from an attorney for Anaheim Desert Inn & Suites and J. Street Hospitality, Inc.  Plaintiff

27  has not heard anything since the letter he received on August 24, 2012, from the attorney.  Since

28  that time, no remedial repairs have been undertaken.

As it is plaintiff's counsel practice, shortly after being retained by plaintiff in this matter, a Sub Rosa inspection of the ANAHEIM DESERT INN & SUITES was conducted by counsel's access consultant to confirm the existence of illegal architectural barriers to access at the premises.  This inspection confirmed the existence of the following barriers: (1) lack of directional signage to show accessible routes of travel, i.e., entrances; (2) lack of the requisite type of disabled parking stall(s); (3) lack of disabled van accessible parking stall(s); (4) lack of (proper) disabled parking signage; (5) lack of (proper) tow-a-way signage; (6) lack of an accessible entrance; (7) lack of handicapped accessible registration counter; (8) lack of handicapped accessible guest room with two beds and bathroom within; (9) lack of the requisite number of accessible guest rooms by classification; (10) lack of an accessible swimming pool; (11) lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and (12) lack of a reservation policy, practice and procedure to "hold" disabled guest rooms for persons with disabilities before selling said rooms to the general public.

Having confirmed the existence of significant architectural barriers to access at the ANAHEIM DESERT INN & SUITES and having reviewed with plaintiff BYRON CHAPMAN his efforts to seek informal resolution of his access concerns at the ANAHEIM DESERT INN & SUITES, counsel believes plaintiff's proposed complaint raises a meritorious claim which is worthy of resolution by this Court.

**II.    THE BASIS FOR THE PRE-FILING ORDER AGAINST PLAINTIFF'S COUNSEL HAS BEEN CRITICIZED BY OTHER COURTS AND THE QUESTIONABLE PROPRIETY OF THE ORDER SHOULD BE GIVEN CONSIDERATION BY THIS COURT**

The pre-filing order imposed against plaintiff's counsel, and from which plaintiff's petition to this Court rises, is reliant almost exclusively on the opinions of U.S. District Court Judge Edward Rafeedie as issued in the matter of *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860 (C.D. Cal. 2004) and 359 F.Supp.2d 924 (C.D. Cal. 2005).

1  Nonetheless, since their issuance, Judge Rafeedie's opinions concerning the vexatious nature of
2  plaintiff's counsel's court filings have been largely disfavored by Judge Rafeedie's judicial
3  brethren. *See Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938 (C.D. Cal. 2005); *Molski*
4  *v. Rapazzini Winery*, 400 F.Supp.2d 1209 (N.D. Cal. 2005); *Doran v. Vicorp Restaurants, Inc.*,
5  407 F.Supp.2d 1115 (C.D. Cal. 2005); *Harway v. Bardack*, 2005 WL 3280897 (C.D. Cal. March
6  24, 2005); *Wilson v. Wal-Mart Stores, Inc.*, 2005 WL 3477827 (S.D. Cal. Oct. 12, 2005); *Wilson*
7  *v. Wal-Mart Stores, Inc.*, 2005 WL 3477841 (S.D. Cal. Oct 5, 2005); *Feezor v. Wal-Mart Stores,*
8  *Inc.*, 2006 WL 220152 (S.D. Cal. Jan. 25, 2006); and *Wilson v. Pier 1 Imps.*, 411 F.Supp.2d
9  1196; 2006 U.S. Dist. LEXIS 3906 (E.D. Cal. 2006). These Courts cited above– viewing the
10 same or very similar facts (and sometimes the same plaintiff and counsel) – have refused to
11 follow the *Molski* analysis, and some have openly questioned Judge Rafeedie's reasoning.

12  Most recently, in *Wilson v. Pier 1 Imps.*, 411 F.Supp.2d 1196 (E.D. Cal. 2006), Judge
13 Lawrence Karlton of the Eastern District of California states quite emphatically that he cannot
14 apply the rationale espoused in *Molski v. Mandarin Touch Restaurant*. As found by the Court in
15 *Wilson*, "the number of lawsuits plaintiff has filed does not reflect that he is a vexatious litigant;
16 rather, it appears to reflect the failure of the defendants to comply with the law." *Wilson*, 411
17 F.Supp.2d 1196 at 1200. Judge Karlton went on to debunk Judge Rafeedie's conclusions that a
18 plaintiff's counsel's uniform pleadings and high rate of settlement are indicative of egregious and
19 vexatious filings where counsel lacks confidence in the merits. Judge Karlton notes that it is
20 unclear to him "why uniform instances of misconduct do not justify uniform pleadings," and he
21 further comments that "[a] settlement rate no more indicates a plaintiff's lack of confidence than
22 it does a defendant's. A high settlement rate is a fact of modern litigation."411 F.Supp.2d 1196
23 at 1201.

24 ///
25 ///
26 ///
27 ///
28 ///

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT OF PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW
LITIGATION                                                                          -4-

1          Contrary to Judge Rafeedie's opinions, plaintiff's past and present actions, while they

2 may be many, are not of a frivolous or harassing nature, nor are they "extortionate shysterism"

3 brought solely for the purpose of "extracting a quick monetary settlement." Rather, they are a

4 legitimate exercise of the plaintiff's right to participate in a society free from discrimination and

5 the barriers to inclusion which are allowed to exist through the inaction and/or indifference of

6 individuals such as defendants herein. In their campaign to protect the financial interests of the

7 business community at the expense of civil justice, Judge Rafeedie and his disciples in the

8 defense bar have chosen to ignore the hundreds upon hundreds of public accommodations

9 throughout the State of California which have been brought into full access compliance only

10 because of the efforts of plaintiffs and their counsel. After all, to acknowledge plaintiff's

11 injunctive success would be to acknowledge that plaintiff actions really are about access

12 enforcement, not "money-making shakedowns."

13          Plaintiff's action seeks nothing beyond that to which he is entitled under the laws of the

14 United States and the State of California. Plaintiff is simply seeking enforcement of his right to

15 access, and due and just compensation for his efforts and the efforts of his counsel in bringing

16 about compliance with the law. It is indeed unfortunate that the rhetoric of one activist jurist has

17 caused so many others to loose sight of the fact that it is plaintiff who is the victims here, not

18 defendants. Had defendants lived up to their legal obligation and taken steps to comply with the

19 law prior to plaintiff's initial visit, they would not be the subject of this lawsuit. Nonetheless,

20 because plaintiff exhibit the audacity to take defendants to task for their disregard of the law and

21 the rights of their disabled patrons, Judge Rafeedie and his silk, drape the defendants in the

22 mantle of victim instead of the plaintiff. It is truly sad that this manipulation of justice has been

23 tolerated and allowed to fester unchecked by other members of the judiciary.

24          Access delayed is access denied! It is a civil right of a disabled person to seek redress. It

25 is a fundamental constitutional right to have access to the courts of this land. Plaintiff only asks

26 that this Court not blindly deny plaintiff this right, and instead allow his claim to go forward on

27 his true merit.

28

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT OF PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW
LITIGATION**                                                    -5-

1

**CONCLUSION**

2     For the foregoing reasons, plaintiff's Petition for leave to file new litigation should be

3     granted.

4

5     Date: _____3/8/13_____, 2013          THOMAS E. FRANKOVICH,
                                             *A PROFESSIONAL LAW CORPORATION*
6

7                                    By: _____
8                                             Thomas E. Frankovich
                                             Attorneys for Plaintiffs BYRON CHAPMAN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28